IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00319-MR

| | |
|---|---|
| RUSTY ANDERSON,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GENE DAVIDSON, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.     BACKGROUND**

The pro se Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that are alleged to have occurred at the Cleveland County Detention Center (CCDC) where he is incarcerated on a sentence for probation violation and on pretrial detention for a statutory sexual offense by an adult, Cleveland County Case Nos. 19CRS50687 and 21CR52839,

---

[1] In addition to supplying his name, the Plaintiff has written in the Complaint's caption: "The People's Common Law Court." [Doc. 1 at 1]. The Plaintiff fails to explain this designation and he, as an incarcerated pro se party, is not authorized to assert claims on behalf of others. See generally Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."). Accordingly, the reference to "The People's Common Law Court" is disregarded.

respectively.² [Doc. 1]. The Plaintiff names as Defendants: Gene Davidson, a grand jury foreperson; 12 or more grand jurors; FNU McBryer, a judge; J. Etters, a Cleveland County magistrate; Michael Miller and Ginger Beam district attorneys; Elizabeth A. Lari, an assistant district attorney; J. Epters, a Cleveland County Sheriff's Office (CCSO) detective; FNU Fitch, the superintendent of the CCDC; Eric Self, a probation officer; Susan Johnson, a deputy officer; and FNU Vickers, an officer. The Plaintiff asserts "[d]amages to God given rights of Life, Liberty and Pursuit of happiness and exceeding jurisdiction." [Doc. 1 at 3]. He claims that he is being "incarcerated under hearsay, no evidence has been proven prior to detaining [him] on 7/21/2021;" that he is being held under $750,000 bond; that he is being threatened with three life sentences; and that he is being refused his prescribed "psych meds" or any other treatment for "PTSD and other mental conditions." [Id. at 4]. He alleges *verbatim*:

> On 7/21/2021 I received a phone call from detective Epters regarding allegations of me molesting my kids. My ex wifes boyfriend at the time made these allegations because he can not see his kids. He and his ex wife are not on good terms as my ex

---

² This information is gleaned from the Cleveland County Sheriff's Office website. See http://74.218.167.200/p2c/InmateDetail.aspx?navid=637822684795940530 (last visited March 7, 2022); Fed. R. Evid. 201. The Plaintiff previously filed a federal habeas action in this Court pursuant to 28 U.S.C. § 2241 challenging *inter alia* his pretrial detention and $750,000 bond, Case No. 1:21-cv-240-MR. The Court denied the petition on September 21, 2021 as barred by abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971), and noted that the Plaintiff's complaints about the conditions of his confinement at CCDC should be brought, if at all, in a § 1983 proceeding.

wife and I are. He wanted me out of the picture completely. These allegations are false and I am innocent of them.

[Id. at 5].

As relief, the Plaintiff asks the Court to: "move [his] court via habeas corpus;" award him $5,000 for each day he has been incarcerated on false allegations; and expunge his record because he "h[as] not ever been found guilty for any crimes but took plea bargains under duress." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

3

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff names as Defendants: Gene Davidson a grand jury foreperson; 12 grand jurors; Judge McBryer; Magistrate Etters; District Attorneys Miller and Beam; and Assistant District Attorney Lari. Jurors, judges, magistrates, and prosecutors are entitled to immunity for acts arising out of their official functions. See Imbler v. Pachtman, 424 U.S. 409, 423 (1976) (discussing the immunity of judges, prosecutors, and grand jurors); see King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as judges."). However, immunity does not apply for actions taken in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The Plaintiff alleges that Defendants McBryer,

4

Etters, Miller, Beam, Lari, and 12 grand jurors "exceed[ed] [their] jurisdiction." [Doc. 1 at 12-13]. The vague and conclusory allegations fail to overcome these parties' immunity. Accordingly, the claims against Defendants Davidson, McBryer, Etters, Miller, Beam, Lari, and 12 or more grand jurors are dismissed without prejudice.

The Plaintiff asserts claims against Defendants Epters, Self, and Johnson, who all appear to be CCSO employees, in their official capacities. The claims against these Defendants in their official capacities are, in essence, claims against the CCSO itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity"); Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978). Local governing bodies such as CCSO "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v.

5

Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

Here, the Plaintiff has failed to identify any CCSO policy or custom under which his rights were allegedly violated. Nor has he alleged any facts that would plausibly establish that he was injured as the result of any deficient CCSO policy or custom. Rather, he appears to assert liability on basis of respondeat superior, which is not cognizable in this § 1983 action. The allegations fail to support a plausible Monell claim and, accordingly, the claims against Defendants Epters, Self, and Johnson are dismissed without prejudice.

Finally, the Plaintiff asserts claims against Defendants Fitch and Vickers in their individual capacities. He alleges *verbatim*: "Major Fitch – superintendent of Cleveland County Detention Center (sue as individual)" and "Vickers – officer – Exceeding Jurisdiction (sue as individual)." [Doc. 1 at 12]. The Plaintiff fails to set forth any factual allegations that would support a plausible claim against either of these Defendants. See generally Fed. R.

Civ. P. 8(a) (requiring a short and plain statement of the claim); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, to support each element of a claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Accordingly, the claims against Defendants Fitch and Vickers are dismissed without prejudice.

To the extent that the Plaintiff alleges that he is receiving inadequate mental health care at the CCDC, he has failed to attribute that allegedly deficient care to any Defendant(s).[3] Therefore, the Plaintiff's claim of deliberate indifference to a serious medical or mental health need is dismissed. Further, to the extent that the Plaintiff asks the Court to interfere in ongoing State court criminal proceedings, those claims are dismissed because they are barred by Younger abstention for the reasons explained in Case No. 1:21-cv-240-MR.

---

[3] Further, the Plaintiff's conclusory allegations of inadequate care fail to plausibly demonstrate that such resulted from deliberate indifference to a serious medical or mental health need. See generally Estelle v. Gamble, 429 U.S. 97, 104 (1976); Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

7

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Compliant, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge